COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Bray and Overton
Argued at Norfolk, Virginia


TERRY F. LASSITER, s/k/a
 TERRY FRANKLIN LASSITER
                                    MEMORANDUM OPINION*
v.          Record No. 0544-96-1    BY JUDGE JOSEPH E. BAKER
                                        MARCH 11, 1997
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
                        Charles E. Poston, Judge

              Andrew M. Sacks (Sacks & Sacks, on brief),
              for appellant.

              Kimberley A. Whittle, Assistant Attorney
              General (James S. Gilmore, III, Attorney
              General, on brief), for appellee.


        Terry Franklin Lassiter (appellant) appeals from his bench

trial convictions by the Circuit Court of the City of Norfolk

(trial court) for possession of cocaine with intent to distribute

in violation of Code § 18.2-248 and for conspiracy to distribute

cocaine in violation of Code § 18.2-256.  Appellant contends that

the trial court erred (1) when it denied his post-trial motion to

set aside the convictions and (2) when it refused to grant a

Franks evidentiary hearing.  See Franks v. Delaware, 438 U.S.

(1978).  We disagree and affirm the convictions.

        Prior to November 15, 1994, a confidential informant (CI)

began to give Norfolk police information that appellant, Kenneth

Swoope, and Richard Schram were involved in cocaine distribution.

---
        *Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

The CI provided detailed information on the three men including names, dates of birth, home addresses, physical descriptions, vehicle license numbers, and their routines. All the information given by the CI was confirmed by police surveillance.

On November 11, 1994, the CI again contacted the police and told them that Schram would be driving appellant's maroon Aerostar van that afternoon and would be carrying cocaine and currency. The police intercepted the vehicle and found that Schram was the driver. When asked if he had any illegal drugs, Schram confessed to transporting cocaine. Cocaine was discovered in a gym bag which Schram claimed was his. Schram cooperated with police by giving a statement. He said the cocaine had originally come from a stash kept by either appellant or Swoope.

On November 15, 1994, based upon information from Schram and from the CI, police obtained a search warrant for a residence at 441 Pennsylvania Avenue owned by Swoope and occupied by Swoope, appellant, and Scott Martin. Schram had told the police to look for a toolbox which they found. Inside the locked toolbox, police found approximately three ounces of cocaine with a street value of $2,800 per ounce. Some of the cocaine had been cut and packaged for distribution. Police found appellant's fingerprint on one of the bags of cocaine. Police also found a digital scale, a piece of mail addressed to the house with appellant's name on it, and dollar bills containing cocaine residue.

At trial, Schram testified that Swoope, appellant, and Scott

Martin were all involved in the distribution of drugs. Appellant met Schram in March of 1994 and provided Schram with cocaine. Schram became addicted. Appellant enlisted Schram's assistance in distributing cocaine in exchange for providing Schram with enough of the drug to satisfy his habit. Schram had assisted appellant in cutting the cocaine with an additive, weighing it, and packaging it for resale. On weekends, the two men would visit gay bars and sell the cocaine to patrons. Drug customers would contact Schram on his pager during the week to arrange a delivery of cocaine. If appellant was out of town, Schram would carry appellant's pager and service his customers. After Schram's arrest, appellant and Swoope continued to supply him with cocaine.

At trial, appellant called David Crandell who had known Schram for over ten years and appellant for over a year. He testified that he had gone out once or twice per week with appellant and Schram to clubs and that he had never seen appellant distribute any controlled substances in the clubs. Crandell also said he had never seen appellant or Schram use any illegal narcotics and denied that he had ever visited 441 Pennsylvania Avenue when appellant lived there. He further testified that appellant was in the process of moving to North Carolina before November 15, 1994.

Prior to the trial, appellant did not move the trial court to require the Commonwealth to reveal the name of the CI.

Moreover, no such request was made during the trial or at the time of the convictions.  Appellant waited until his sentencing hearing to move for disclosure of the CI.  The trial court denied appellant's motion.

Appellant did not move for a new trial and request a hearing pursuant to Franks v. Delaware, 438 U.S. 154 (1978), until after the sentencing order was entered.  No further order was entered within twenty-one days after the conviction and the sentencing order.  Thus, both the conviction and the sentencing order became final before the trial court denied appellant's motion for a Franks hearing.

The Supreme Court of the United States in Franks held as follows:

> Where the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the alleged false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request.

483 U.S. at 155-56.  We have reviewed the evidence and find that it contains no evidence making a "substantial preliminary showing that a false statement" was contained in the warrant.  Furthermore, assuming but not deciding that the CI made a false statement, appellant has made no showing that the finding of probable cause to obtain the search warrant was solely dependant upon that statement.  Schram alone furnished sufficient

- 4 -

information to support the issuance of the warrant to search the premises from which the illegal drugs were distributed.

Accordingly, we find that the trial court did not err when it denied appellant's request for a <u>Franks</u> hearing, and we affirm the judgment of the trial court.

<u>Affirmed.</u>